**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 5:09-CV-81-RLV-DCK**


| | | |
|---|---|---|
| **PENNE P. WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **RICHARD LEVER, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |


      **THIS MATTER** is before the Court on the "Defendant's Motion to Compel Rule 26(a)(1)
Initial Disclosures and to Extend Mediation Deadline" (Document No. 7) filed on October 29, 2009
by Richard Lever ("Defendant"). The motion has been referred to the Magistrate Judge pursuant to
28 U.S.C. § 636(b), and immediate review is appropriate. Having fully considered the record, the
undersigned will **grant in part** and **deny in part** for the following reasons:

      Pursuant to the Pretrial Order and Case Management Plan (Document No. 6), initial
disclosures were due by September 30, 2009. Defendant has repeatedly attempted in good faith to
obtain Plaintiff's compliance with Rule 26(a)(1) to no avail. (Document No. 7, Ex. C, D). As the
discovery deadline in this case is December 15, 2009, Defendant asks the Court to order Plaintiff to
provide the required initial disclosures. Civil Rule 37(a)(1) provides in relevant part that "a party
may move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a)(1). The *pro se*
Plaintiff has not filed a response. However, the record reflects that Plaintiff has filed a motion to
dismiss without prejudice and that Defendant has filed a motion to dismiss with prejudice.

Defendant also asks for an order requiring Plaintiff to pay the Defendant's reasonable attorneys fees and other expenses associated with filing this motion. If a motion to compel is granted, Rule 37 provides in relevant part that "the court must . . . require the party . . . whose conduct necessitates the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). The Court may decline to order attorneys fees if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Pro se litigants are entitled to some deference from courts. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bauer v. Commissioner*, 97 F.3d 45, 49 (4th Cir. 1996) (courts will liberally treat errors made by pro se litigants, especially when procedural rules are involved). "But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), *cert denied*, 493 U.S. 1084 (1990); and see, *Traquth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983) (*pro se* status does not "exempt a party from compliance with relevant rules of procedural and substantive law").

On October 29, 2009, Plaintiff indicated that she has "a serious family illness" and wishes to voluntarily dismiss her case. (Document No. 8). Given the liberal treatment afforded *pro se* parties, and under these circumstances, the undersigned will not impose attorneys fees at this time. However, the Plaintiff is cautioned that she must provide the initial disclosures and otherwise comply with the Pretrial Order and Case Management Plan until such time as this case may be dismissed, with or without prejudice.

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Compel Rule 26(a)(1) Initial Disclosures and to Extend Mediation Deadline" (Document No. 7) is **GRANTED** in that

Plaintiff shall file her initial disclosures by November 27, 2009;  failure to comply with this Order

may result in sanctions, including imposition of attorneys fees;  the mediation deadline is extended

to January 7, 2010; the motion is **DENIED** to the extent it requests attorneys fees at this time.

      **IT IS SO ORDERED**.


Signed: November 20, 2009

David C. Keesler
United States Magistrate Judge