**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL DOCKET NO.: 5:09CV81-V**

| | |
|---|---|
| PENNE P. WHITE,  )<br>　　　Plaintiff,　　) <br>　　　　　　　　　　) <br>vs.　　　　　　　　　) <br>　　　　　　　　　　) <br>RICHARD LEVER, d/b/a Answer Phone ) <br>of America,　　　　　) <br>　　　Defendant.　　) <br>_____ ) | **ORDER**<br>Rule 41(a)(2) Dismissal |

**THIS MATTER** is before the court upon Plaintiff's Motion to Dismiss Without Prejudice, filed November 3, 2009, and "Notice of Appeal," filed November 24, 2009. (Documents ##8, 11) Defendant opposes a dismissal without prejudice and seeks, at minimum, payment of his costs and fees and / or dismissal with prejudice. (Document #9)

Plaintiff moves for voluntary dismissal *without prejudice* of the cause of action against Defendant Lever (d/b/a Answer Phone of America). The basis for voluntary dismissal is alleged to be "a serious family illness that must have all [White's] resources and attention at this time."

Under Rule 41(a)(2),

> "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Fed. R. Civ. P. 41(a)(2).

Significantly, Plaintiff White's motion for voluntary dismissal was preceded by a court order directing Plaintiff to comply with her discovery obligations and suggesting that imposition of monetary sanctions might follow in the event of her continued non-compliance. (Document #10)

1

Pursuant to the Magistrate Judge's Order of November 20, 2009, Plaintiff's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were due November 27, 2009, and the mediation deadline was extended to January 7, 2010. Neither has occurred to date.

In a subsequent document entitled, "Notice of Appeal," Plaintiff complained that she was unable to satisfy the Court's directive, namely, to make initial disclosures within the allotted time period.[1] Plaintiff also represented that "[p]ersonal situations changed," that she needed court-appointed counsel to assist her, and that the Court should "[d]ismiss the case any way the court desires."

For all of these reasons, as well as the reasons articulated by Defendant, and the records revealing Plaintiff White's prior criminal history for offenses involving lack of truthfulness and Plaintiff's propensity for commencing frivolous litigation, dismissal *with prejudice* is warranted.

**IT IS HEREBY ORDERED** that Plaintiff's cause of action is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's "Appeal" or "Objection" to the Magistrate Judge's November 20, 2009 Order is **DENIED AS MOOT**.

Signed: March 10, 2010

Richard L. Voorhees
United States District Judge

---

[1] The Court construes Plaintiff's "Notice of Appeal" as an Objection to the Magistrate Judge's non-dispositive pretrial ruling. See Fed. R. Civ. P., Rule 72(a); 28 U.S.C. § 636(b)(1)(A).